UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

CANDICE WALKER,

       Plaintiff,

v.

BEST BUY STORES, L.P.,
BEST BUY CO., INC., and
BEST BUY CO. OF MINNESOTA, INC.,

       Defendants.

_____/

## C O M P L A I N T

Plaintiff, CANDICE WALKER, by and through the undersigned counsel, Todd W. Shulby,

P.A., sues the Defendants, BEST BUY STORES, L.P., BEST BUY CO., INC., and BEST BUY CO.

OF MINNESOTA, INC., and alleges as follows:

1.     Plaintiff brings this action against Defendants pursuant to the Family and Medical

Leave Act of 1993 ("FMLA"), Title VII of the Civil Rights Act of 1964 ("Title VII"), the Pregnancy

Discrimination Act of 1978 ("PDA"), and the Florida Civil Rights Act of 1992 ("FCRA").

2.     Jurisdiction is conferred on this Court by the FMLA, Title VII, the PDA, and 28

U.S.C. §§1331, 1343 and 1367.

3.     The unlawful employment practices alleged below occurred and/or were committed

within this judicial district.

4.     At all times material hereto, Plaintiff has been a citizen and resident of this judicial

district and within the jurisdiction of this Court.

1

5.      At all times material hereto, BEST BUY STORES, L.P., was Plaintiff's employer as defined by law and a corporation conducting business in this judicial district.

6.      At all times material hereto, BEST BUY CO., INC., was Plaintiff's employer as defined by law and a corporation conducting business in this judicial district.

7.      At all times material hereto, BEST BUY CO. OF MINNESOTA, INC., was Plaintiff's employer as defined by law and a corporation conducting business in this judicial district.

## COUNT I: VIOLATION OF FMLA

Plaintiff incorporates by reference paragraphs 1 through 7 and states as follows:

8.      Plaintiff was an employee of Defendants.

9.      Plaintiff was qualified for the position(s) she held with Defendants.

10.     Plaintiff was subject to retaliation and was discharged by Defendants because she requested and took FMLA leave.

11.     Plaintiff learned of her pregnancy and notified Defendants in or about November, 2008.

12.     Plaintiff's FMLA leave was anticipated to begin in or about March 2009.

13.     In or about January 2009, Defendants demoted Plaintiff from full-time to part-time, ostensibly because of absences.

14.     Plaintiff provided Defendants with doctor's notes for her absences.

15.     As a result of her demotion, Plaintiff was no longer eligible for maternity leave pay.

16.     Plaintiff's FMLA leave began in or about March 2009.

17.     Plaintiff was supposed to return to work in or about June 2009.

18.     When Plaintiff discussed returning to work with Defendants, her manager was

hesitant and advised that Defendants were awaiting a decision from corporate.

19.     Plaintiff frequently called Defendants to come back to work.

20.     Plaintiff was advised that she was not on the schedule and not to return to work.

21.     Plaintiff received a notice from Defendants stating that Plaintiff had terminated her own employment.

22.     Plaintiff did not terminate her own employment.

23.     Plaintiff called Defendants again to advise that she did not terminate her own employment and to request her job back.

24.     Defendants refused to allow Plaintiff to return to work.

25.     The above actions affecting the terms and conditions of Plaintiff's employment were taken against Plaintiff in violation of her rights under the FMLA.

26.     As a direct and proximate result of Defendants' unlawful treatment of Plaintiff, Plaintiff suffered damages and will continue to suffer irreparable injury and damages in the future, including, but not limited to: damage to reputation and self-esteem; loss of past and future income; loss of past and future earning capacity; loss of other fringe benefits; stress, anxiety and emotional distress; significant past and future mental pain and suffering; and other financial losses.

27.     Plaintiff has retained the undersigned counsel for purposes of this action and is entitled to an award of reasonable attorney's fees and costs related to this litigation.

**WHEREFORE,** Plaintiff respectfully requests that judgment be entered in her favor against Defendants:

a.      Declaring that the acts and practices complained of herein are in violation of the FMLA;

b.      Awarding back pay, front pay, prejudgment interest, post judgment interest and

damages, including liquidated damages, for all employment benefits Plaintiff would have received but for the unlawful acts and practices of Defendants;

c.      Awarding Plaintiff compensatory, consequential and punitive damages;

d.      Awarding reasonable attorney's fees, expenses and costs incurred in this action;

e.      Awarding Plaintiff all other sums of money, including all employment benefits with interest thereon, to which Plaintiff is entitled; and

f.      Ordering any other relief, including equitable, this Court deems to be just and proper.

## COUNT II: VIOLATION OF TITLE VII, THE PDA AND FCRA

Plaintiff incorporates by reference paragraphs 1 through 7 and states as follows:

28.     Plaintiff was an employee of Defendants.

29.     Plaintiff was qualified for the position(s) she held with Defendants.

30.     Plaintiff was subject to retaliation and was discharged by Defendants because she informed Defendants of her pregnancy.

31.     Plaintiff learned of her pregnancy and notified Defendants in or about November, 2008.

32.     Plaintiff's maternity leave was anticipated to begin in or about March 2009.

33.     In or about January 2009, Defendants demoted Plaintiff from full-time to part-time, ostensibly because of absences.

34.     Plaintiff provided Defendants with doctor's notes for her absences.

35.     As a result of her demotion, Plaintiff was no longer eligible for maternity leave pay.

36.     Plaintiff's maternity leave began in or about March 2009.

37.     Plaintiff was supposed to return to work in or about June 2009.

38.     When Plaintiff discussed returning to work with Defendants, her manager was

hesitant and advised that Defendants were awaiting a decision from corporate.

39.     Plaintiff frequently called Defendants to come back to work.

40.     Plaintiff was advised that she was not on the schedule and not to return to work.

41.     Plaintiff received a notice from Defendants stating that Plaintiff had terminated her own employment.

42.     Plaintiff did not terminate her own employment.

43.     Plaintiff called Defendants again to advise that she did not terminate her own employment and to request her job back.

44.     Defendants refused to allow Plaintiff to return to work.

45.     The above actions affecting the terms and conditions of Plaintiff's employment were taken against Plaintiff in violation of her rights under Title VII, the PDA and the FCRA.

46.     As a direct and proximate result of Defendants' unlawful treatment of Plaintiff, Plaintiff suffered damages and will continue to suffer irreparable injury and damages in the future, including, but not limited to: damage to reputation and self-esteem; loss of past and future income; loss of past and future earning capacity; loss of other fringe benefits; stress, anxiety and emotional distress; significant past and future mental pain and suffering; and other financial losses.

47.     Plaintiff has retained the undersigned counsel for purposes of this action and is entitled to an award of reasonable attorney's fees and costs related to this litigation.

**WHEREFORE,** Plaintiff respectfully requests that judgment be entered in her favor against Defendants:

    a.    Declaring that the acts and practices complained of herein are in violation of Title VII, the PDA and the FCRA;

    b.    Awarding back pay, front pay, prejudgment interest, post judgment interest and

damages, including liquidated damages, for all employment benefits Plaintiff would have received but for the unlawful acts and practices of Defendants;

c.      Awarding Plaintiff compensatory, consequential and punitive damages;

d.      Awarding reasonable attorney's fees, expenses and costs incurred in this action;

e.      Awarding Plaintiff all other sums of money, including all employment benefits with interest thereon, to which Plaintiff is entitled; and

f.      Ordering any other relief, including equitable, this Court deems to be just and proper.

## **TRIAL BY JURY**

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

/s/Todd W. Shulby, Esq.
Todd W. Shulby, Esq.
Florida Bar No.: 068365
TODD W. SHULBY, P.A.
4705 S.W. 148th Avenue, Suite 102
Davie, Florida 33330-2417
Telephone No.: (954) 530-2236
Facsimile No.: (954) 530-6628
E-mail: tshulby@shulbylaw.com
Counsel for Plaintiff